**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION,**

**DARRELL SHANTA JENKINS,**

    **Plaintiff,**

vs.                                     **CASE NO. 4:22-CV-268-MW-MAF**

**SGT. V. SODER,
et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Darrell Shanta Jenkins, a state prisoner proceeding *pro se*, initiated a civil rights case pursuant to 18 U.S.C. § 1983. ECF No. 1. Jenkins paid the initial partial filing fee of $83. ECF No. 11. Jenkins submitted his amended complaint on August 8, 2022. ECF No. 8. The Undersigned conducted an initial screening of the operative complaint, pursuant to 28 U.S.C. §§ 1915 and 1915A. For the reasons stated below, it is recommended that the claims alleging failure to protect from serious harm, in violation of the Eighth Amendment, PROCEED at this stage, but all other claims be DISMISSED.

## I.     Jenkins' Amended Complaint, ECF No. 8.

Jenkins sues two prison officials at Wakulla Correctional Institution in their individual- and official capacities: Sgt. V. Soder[1] and Officer B. Jones. ECF No. 8, pp. 2-3. Jenkins alleges Defendants failed to protect him from being stabbed by "Allahad," a fellow inmate. See id., generally.

According to Jenkins, on January 21, 2022, he notified Soder and Jones that Allahad threatened to stab him. Id. Jenkins explained to Soder and Jones the history of conflict between he and Allahad during December 2021. Id. At the time, Jenkins was placed on "redlock heightened security" because he attempted to attack Allahad. Id. Allahad was now threatening retaliation. Id. Soder laughed at Jenkins and told him he should have never tried to stab Allahad and could do nothing for him: "Your mouth [is] what got you into it so let your big mouth get you out of it." Id., p. 6. Jones also laughed when Jenkins asked Jones to watch out for him. Id. Jones responded, similarly, that Jenkins put himself into that situation and would have to get out of it by himself. Id.

That same evening, between 7:00 and 7:30 p.m., while Jenkins was getting a haircut, Allahad attacked Jenkins by stabbing him four times with a

---

[1] Jenkins submitted a handwritten amended complaint. ECF No. 8. It is difficult to discern whether the spelling of the Defendant's name is "Soder" or "Sader." Id.

knife. Id. Jenkins alleges that Allahad was left unattended by both Defendants without restraints. Id. Another inmate intervened in the attack and told Allahad to stop stabbing Jenkins. Id. Jenkins received stab wounds to his chest and head. Id., p. 7. Jenkins was sent outside the prison for medical care for two head wounds – one required five to six staples and the other required three staples. Id., p. 7. Jenkins also had a chest wound, which was packed with gauze and covered with a bandage. Id., p. 7.

Jenkins seeks declaratory relief: an order for prison officials to conduct a special review of Inmate Allahad; $100,000 in compensatory damages; $50,000 in punitive damages; the costs of this lawsuit; attorneys' fees; and any other proper remedy. Id., p. 8.

## II.  Standard of Review

Jenkins is a prisoner seeking redress against governmental entities, employees, or officers. Accordingly, his complaint is subject to screening under 28 U.S.C § 1915A, which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. See 28 U.S.C. § 1915A; see also Thompson v. Hicks, 213 F. App'x 939, 942 (11th Cir. 2007) (*per curiam*). Pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A, a complaint must be dismissed if the court determines a complaint fails to state a claim upon which relief can be granted. See Wright v. Miranda, 740 F. App'x 692, 694 (11th Cir. 2018). In

reviewing the complaint under § 1915(e), the court takes the allegations as true and construes them in the most favorable light. See Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

The same standard is used for dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and § 1915(e)(2)(B)(ii). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The court may dismiss a complaint that fails "[t] state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). "To '[a]void dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." Wright, 470 F. App'x at 694 (citing Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017) (*per curiam*)).

Complaints filed by *pro se* prisoners are held to "[l]ess stringent standards than formal pleadings drafted by lawyers[.]" Haines v. Kerner, 404, U.S. 519, 520 (1972) (*per curiam*). However, although a *pro se* pleading is liberally construed, it still must "[s]uggest that there is some factual support for a claim." Id. "Threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

### III. Eighth Amendment Claims against Defendants Should Proceed

"The Eighth Amendment imposes a duty on prison officials to take reasonable measures to guarantee the safety of the inmates." <u>Caldwell v. Warden, FCI Talladega</u>, 748 F.3d 1090, 1099 (11th Cir. 2014) (quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994) (alterations and internal marks omitted)). "Having incarcerated 'persons [with] demonstrated proclivit[ies] for antisocial criminal, and often violent, conduct,' having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." <u>Farmer</u>, 511 U.S. at 833 (citation omitted). Thus, it has long been recognized that "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." <u>Id.</u> (internal marks and alteration omitted). Still, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." <u>Id.</u> at 834; <u>see also</u> <u>Purcell v. Toombs Cty.</u>, 400 F.3d 1313, 1321 (11th Cir. 2005) ("[A] prison custodian is not the guarantor of a prisoner's safety.") (internal marks omitted).

A prison official violates the Eighth Amendment "when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk." <u>Carter v. Galloway</u>, 352

F.3d 1346, 1349 (11th Cir. 2003) (internal marks omitted) (alterations adopted); see also Farmer, 511 U.S. at 828 ("A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."). Accordingly, to survive statutory screening on a failure to protect claim, a plaintiff must allege facts which demonstrate (1) a substantial risk of serious harm; (2) the defendant's deliberate indifference to that risk; and (3) a causal connection between the defendant's conduct and the Eighth Amendment violation. See Brooks v. Warden, 800 F.3d 1295, 1301 (11th Cir. 2015).

With regard to the second factor, deliberate indifference, "the defendant-official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists—and the prison official must also draw that inference." Johnston v. Crosby, 135 F. App'x 375, 377 (11th Cir. 2005). In other words, prison officials must possess enough details about a threat to enable them to conclude that the threat presents a "strong likelihood" of injury, not a "mere possibility." See, e.g., Brooks v. Warden, 800 F.3d 1295, 1301 (11th Cir. 2015); Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990). "The unfortunate reality is that 'threats between inmates are common and do not, under all circumstances, serve to impute actual knowledge of a substantial risk of harm.'" Marbury v. Warden, 936

F.3d 1227, 1236 (11th Cir. 2019) (quoting Prater v. Dahm, 89 F.3d 538, 542 (8th Cir. 1996)).

Here, Allahad's specific death threats infer a substantial risk of serious harm. Jenkins alleges that on January 21, 2022, he notified Defendants that Allahad threatened to stab him in retaliation against Jenkins for attempting to assault Allahad one month earlier. ECF No. 8, p. 5. However, both Defendants laughed off the threat, told Jenkins he was on his own, did not do anything to prevent the threat, and left Allahad unattended and unrestrained. Id., pp. 5-6. The same evening Defendants were informed of the threat, Allahad attacked Jenkins and stabbed him with a prison-made knife; and Jenkins suffered serious injuries as a result. Id., pp. 5-7. At this stage in the litigation, the Court accepts Jenkins' allegations as true and should find that they are sufficiently serious to implicate the Eighth Amendment and satisfy the components of the standard for deliberate indifference.

Next, the Court determines that Defendants knew of or disregarded an excessive risk to Jenkins' health and safety. Jenkins provides sufficient facts to demonstrate that he notified Defendants about the specific nature of Allahad's threat, the history of their conflict, and describes the Defendants' responses – laughing and telling Jenkins he was on his own. Based on

Jenkins' allegations, an argument could be made that Defendants were deliberately indifferent to Allahad's threats to stab Jenkins. For this reason, the Eighth Amendment claims should PROCEED against Defendants at this stage.

**IV.   The Request for Special Review of Inmate Allahad Should Be Denied.**

To the extent Jenkins seeks an order for prison officials to conduct a special review of Allahad, the claim should be denied. It is well settled that courts should refrain from interfering with the administrative processes of a prison. "Granting the injunction would require the federal courts to interfere in the administration of the jail and take over the management or treatment of a single inmate." Brown v. Anglin, 2016 U.S. Dist. LEXIS 158113, 2016 WL 6803133, at *2 (N.D. Fla. June 27, 2016), report and recommendation adopted sub nom. Brown v. Holland, 2016 U.S. Dist. LEXIS 158110, 2016 WL 6780319 (N.D. Fla. Nov. 15, 2016). "[C]ourts are ill-equipped to deal with" the complexities of prison administration. Lawson v. Singletary, 85 F.3d 502, 510 (11th Cir. 1996).

To the extent Jenkins seeks an investigation of or criminal charges against Allahad, Jenkins lacks any such right. "Private citizens have no constitutional or other right to a criminal investigation, nor any judicially-cognizable interest in the prosecution or non-prosecution of another." Linda

R.S. v. Richard D., 410 U.S. 614, 619 (1973). The role of a federal court in a civil rights action is to adjudicate claims that are properly alleged by prisoners. The Court is not an investigative agency and cannot conduct an independent inquiry. Accordingly, Jenkins' request for a special review should be DENIED.

## V. The Request for Declaratory Relief Should Be Denied and the Official Capacity Claims Should Be Dismissed.

The Eleventh Amendment of the U.S. Constitution bars suit against a state in federal court absent valid congressional override, waiver of immunity, or consent to suit. See Wusiya v. City of Miami Beach, 614 F. App'x 389, 393 (11th Cir. 2015). This principle is not abrogated by § 1983 for damage suits; and Florida has not waived its immunity from § 1983 suits. Id. A state and an agency of a state are, thus, immune from liability under § 1983. See Williams v. Robbins, 153 F. App'x 574, 576 (11th Cir. 2005). This Eleventh Amendment Immunity bar applies regardless of whether a plaintiff seeks money damages or prospective injunctive relief. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). "Suits against state officials in their official capacities therefore should be treated as suits against the State." Holmes v. Hale, 701 F. App'x 751, 753 (11th Cir. 2017).

Florida's sovereign immunity extends to its agencies, subdivisions, or officers. See Alabama v. Pugh, 438 U.S. 781, 782 (1978); Fitzgerald v.

McDaniel, 833 F.2d 1516 (11th Cir. 1987). That "bar exists whether the relief sought is legal or equitable." Papasan v. Allain, 478 U.S. 265, 276 (1986). Naming a government official in his official capacity is the equivalent of naming the governmental entity itself. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). A state official, however, may be sued in his official capacity when the suit alleges a constitutional violation by the official, acting in his official capacity and seeks only prospective injunctive relief. See Grizzle v. Kemp, 634 F.3d 1314, 1319 (11th Cir. 2011).

Here, Jenkins does not seek only injunctive relief; he seeks compensatory and punitive damages. Accordingly, the official capacity claims should be DISMISSED.

Finally, declarations that a defendant has violated a plaintiff's constitutional rights are barred by sovereign immunity. Ex parte Young provides a narrow exception to Eleventh Amendment immunity in cases where a party is seeking prospective relief against State officials for violations of federal law. 209 U.S. 123 (1908). Although Ex parte Young allows declaratory relief, this doctrine applies only when the alleged violations are ongoing and not when the relief pertains to past violations of federal law. See Green v. Mansour, 474 U.S. 64, 73 (1985) (sovereign immunity bars claims for declaratory relief because the issuance of such a

judgment would have "the same effect as a full-fledged award of damages or restitution by the federal court."). See also Summit Med. Assocs., P.C. v. Pryor, 180 F.3d 1326, 1337 (11th Cir. 1999) (citing Papasan v. Allain, 478 U.S. 265, 277-78 (1986) and Green, 474 U.S. at 68 ("[T]he *Ex parte Young* doctrine applies only to ongoing and continuous violations of federal law. In other words, a plaintiff may not use the doctrine to adjudicate the legality of past conduct.")).

      Jenkins sued Defendants in their official capacities. At the time of the incident, Defendants, prison correctional officers, were employees of the Florida Department of Corrections, a state entity entitled to Eleventh Amendment Immunity. This immunity extends to Defendants. Jenkins clearly makes claims against Defendants for their past conduct and seeks declaratory relief that his rights were violated. Unfortunately, this remedy is not available to Jenkins as a matter of law because the violations are not "ongoing." Green, 474 U.S. at 73. The violations began and ended on January 21, 2022. ECF No. 8, p. 5. Accordingly, the claim for declaratory relief should be denied.

## VI. Conclusion and Recommendation

It is respectfully recommended that:

1. The Eighth Amendment claims **PROCEED** against Sergeant V. Soder, in his individual capacity.

2. The Eighth Amendment claims **PROCEED** against Officer B. Jones, in his individual capacity.

3. The requests for special review of Inmate Allahad and declaratory relief should be **DENIED**.

4. All other claims be **DISMISSED** for failure to state a claim.

5. The case be remanded to the Undersigned for further proceedings.

IN CHAMBERS at Tallahassee, Florida, on September 20, 2022.

                         s/ Martin A. Fitzpatrick
                         **MARTIN A. FITZPATRICK**
                         **UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).